David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
Christopher T. Casamassima (SBN 211280)
chris.casamassima@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

William F. Lee (*pro hac vice*)            Noah Levine (*pro hac vice*)
william.lee@wilmerhale.com                 noah.levine@wilmerhale.com
WILMER CUTLER PICKERING                     WILMER CUTLER PICKERING
    HALE AND DORR LLP                           HALE AND DORR LLP
60 State Street                            7 World Trade Center
Boston, MA 02109                           250 Greenwich Street
Telephone:  (617) 526-6000                 New York, NY 10007
Facsimile:  (617) 526-5000                 Telephone:  (212) 230-8800
                                           Facsimile:  (212) 230-8888

Attorneys for Defendant
SONY PICTURES ENTERTAINMENT INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Shapiro, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>        vs.<br><br>Sony Pictures Entertainment Inc.,<br><br>                                  Defendant. | Case No.  2:14-cv-09762-RGK-SH<br><br>**SONY PICTURES ENTERTAINMENT INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**<br><br>Hearing Date:   March 16, 2015<br>Time:                9:00 a.m.<br>Courtroom:       850<br>Judge:              Hon. R. Gary Klausner |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

SUMMARY OF PERTINENT FACTUAL ALLEGATIONS .................................2

ARGUMENT .......................................................................................................3

I.    The Complaint Must Be Dismissed Because The Plaintiff Has Not Suffered Injury In Fact And Does Not Have Standing To Sue.............4

II.   The Plaintiff Fails To Plead Facts Sufficient To State A Claim For Negligence .............................................................................................8

    A.    The Plaintiff Does Not Allege A Cognizable Injury ..................8

    B.    The Economic Loss Doctrine Bars The Plaintiff's Negligence Claim .....................................................................................11

III.  The Plaintiff's Statutory Claims Fail ...................................................12

    A.    The Plaintiff Fails To State A Claim Under The California Customer Records Act Because He Is Not A "Customer" And Because He Has Not Suffered Cognizable Harm ......................12

    B.    The Plaintiff's Unfair Competition Law Claim Fails ..............13

    C.    The Plaintiff Fails To State A Claim Under The CMIA ..........15

CONCLUSION ..................................................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aas v. Superior Ct. of San Diego Cnty.*,
    12 P.3d 1125 (Cal. 2000) .................................................................................11

*Alliance for the Wild Rockies v. U.S. Dep't of Agric.*,
    772 F.3d 592 (9th Cir. 2014) ...........................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................4, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................4

*Bell v. Blizzard Entm't, Inc.*,
    Case No. 2:12-cv-09475-BRO-PJW, Dkt. 54 (C.D. Cal. July 11, 2013) ...... 9-10

*Boorstein v. CBS Interactive, Inc.*,
    165 Cal. Rptr. 3d 669 (Ct. App. 2013) ............................................................12

*Clapper v. Amnesty Int'l USA*,
    235 P.3d 171 (Cal. 2010)........................................................................*passim*

*Clark v. Superior Court*,
    235 P.3d 171 (Cal. 2010) ...............................................................................14

*Falkenberg v. Alere Home Monitoring, Inc.*,
    No. 13-CV-00341-JST, 2014 WL 5020431 (N.D. Cal. Oct. 7, 2014) ..............14

*Galaria v. Nationwide Mut. Ins. Co.*,
    998 F. Supp. 2d 646 (S.D. Ohio 2014) ....................................................5-6, 7

*Grigsby v. Valve Corp.*,
    No. Civ. C12-cv-00553, Dkt. 51 (W.D. Wash. Mar. 18, 2013) .......................13

*Grigsby v. Valve Corp.*,
    No. C12-0553JLR, 2012 WL 5993755 (W.D. Wash. Nov. 14, 2012)............4, 9

*In re Adobe Systems, Inc. Privacy Litig.*,
    No. 13-CV-05226-LHK, 2014 WL 4379916 (N.D. Cal. Sept. 4, 2014) .... 6-7, 10

*In re Barnes & Noble Pin Pad Litig.*,
   No. 12-CV-8617, 2013 WL 4759588 (N.D. Ill. Sept. 3, 2013)...........................8

*In re Facebook Privacy Litig.*,
   791 F. Supp. 2d 705 (N.D. Cal. 2011) ......................................................... 13-14

*In re iPhone Application Litig.*,
   No. 11-MD-02260-LJK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .... 13-14

*In re Michaels Stores Pin Pad Litig.*,
   830 F. Supp. 2d 518 (N.D. Ill. 2011) ........................................................11, 12

*In re Science Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
   No. MDL 2360, 2014 WL 1858458 (D.D.C. May 9, 2014).......................5, 6, 7

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   903 F. Supp. 2d 942 (S.D. Cal. 2012)..............................................9, 10, 13, 14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   996 F. Supp. 2d 942 (S.D. Cal. 2014)........................................................*passim*

*In re Target Corp. Customer Data Sec. Breach Litig.*,
   No. MDL 14-2522 PAM/JJK, 2014 WL 7192478 (D. Minn. Dec. 18, 2014)
   .................................................................................................................11

*Kingman Reef Atoll Invs., L.L.C. v. United States*,
   541 F.3d 1189 (9th Cir. 2008) ...........................................................................4

*Korea Supply Co. v. Lockheed Martin Corp.*,
   63 P.3d 937 (Cal. 2003) ...................................................................................14

*Krottner v. Starbucks Corp.*,
   628 F.3d 1139 (9th Cir. 2010) ...................................................................6-7, 9

*Krottner v. Starbucks Corp.*,
   406 F. App'x 129 (9th Cir. 2010) ...................................................................8-9

*Kwikset Corp. v. Superior Court*,
   246 P.3d 877 (Cal. 2011) .................................................................................14

*Lewert v. P.F. Chang's China Bistro, Inc.*,
   No. 14-cv-4787, 2014 WL 7005097 (N.D. Ill. Dec. 10, 2014) ...........................8

- iii -

*M & F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.*,
    136 Cal. Rptr. 3d 788 (Ct. App. 2012) ...............................................................14

*Miller v. Gammie*,
    335 F.3d 889 (9th Cir. 2003) ...............................................................................7

*Moyer v. Michaels Stores, Inc.*,
    No. 14 C 561, 2014 WL 3511500 (N.D. Ill. July 14, 2014)................................8

*Pisciotta v. Old National Bancorp*,
    499 F.3d 629 (7th Cir. 2007) ...............................................................................7

*Polanco v. Omnicell, Inc.*,
    988 F. Supp. 2d 451 (D.N.J. 2013)......................................................................5

*Regents of Univ. of Cal. v. Superior Ct.*,
    163 Cal. Rptr. 3d 205 (Ct. App. 2013) ................................................................5

*Remijas v. The Neiman Marcus Group LLC*,
    No. 14 C 1735, 2014 WL 4627893 (N.D. Ill. Sept. 16, 2014) ...........................8

*Seely v. White Motor Co.*,
    403 P.2d 145 (Cal. 1965) ...................................................................................11

*Spencer v. Kemna*,
    523 U.S. 1 (1998)..................................................................................................4

*Strautins v. Trustwave Holdings, Inc.*,
    27 F. Supp. 3d 871, 879 (N.D. Ill. 2014)......................................................... 7-8

*Sutter Health v. Superior Ct.*,
    174 Cal. Rptr. 3d 653 (Ct. App. 2014) ......................................................15, 16

*Tierney v. Advocate Health & Hosps. Corp.*,
    No. 13 CV 6237, 2014 WL 5783333 (N.D. Ill. Sept. 4, 2014) ......................6, 8

*Wofford v. Apple, Inc.*,
    No. 11-CV-0034 AJB NLS, 2011 WL 5445054 (S.D. Cal. Nov. 9, 2011)........14

**Statutes**

California Confidentiality of Medical Information Act,
    Cal. Civ. Code § 56 *et seq.* ...............................................................3, 15, 16

California Customer Records Act,
    Cal. Civ. Code § 1798.80 *et seq.* .........................................................3, 12, 13

California Unfair Competition Law,
    Cal. Bus. Prof. Code § 17200 *et seq.* ..........................................................3, 13

**Other Authorities**

Federal Rule of Procedure 8 ...............................................................................10

Federal Rule of Procedure 12(b)(1) ................................................................. 3-4

Federal Rule of Procedure 12(b)(6) ....................................................................4

Memorandum in Support of Motion to Dismiss

**INTRODUCTION**

In November 2014, Sony Pictures Entertainment Inc. ("SPE") was the victim of a criminal attack on its information technology infrastructure and network.  Compl. ¶ 9.  As the Complaint itself acknowledges, this cyber-attack was massive and unprecedented, with the intent to cause harm to SPE.  *Id.* ¶¶ 11, 13, 15. In December, the United States government attributed this sophisticated and wide ranging attack on SPE to North Korea.  *See id.* ¶ 9; *see also* Press Release, Federal Bureau of Investigation, Update on Sony Investigation (Dec. 19, 2014), *available at* http://www.fbi.gov/news/pressrel/press-releases/update-on-sony-investigation.[1]

This case, and the related cases pending before the Court, arise from that cyber-attack.  The plaintiff, Steven Shapiro, a former employee of SPE, claims that his personally identifying information was disclosed by the perpetrators of the cyber-attack and asserts a variety of claims predicated on that fact.  However, he never claims to have suffered any concrete injury.  There are no allegations of identity theft, no allegations of fraudulent charges, and no allegations of misappropriation of medical information.  Instead, he asserts a broad range of common-law and statutory causes of action based on his alleged fear of an increased risk of future harm, as well as expenses he claims to have incurred to prevent that future harm.  Those allegations, however, fail as a matter of law to

---

[1]    *See also* Press Statement by the Secretary of State John Kerry, Condemning Cyber-Attack by North Korea (Dec. 19, 2014), *available at* http://www.state.gov/secretary/remarks/2014/12/235444.htm; Press Statement by Secretary of Homeland Security Jeh Johnson on Cyber Attack on Sony Pictures Entertainment (Dec. 19, 2014); *available at* http://www.dhs.gov/news/2014/12/19/statement-secretary-johnson-cyber-attack-sony-pictures-entertainment.  Indeed, the FBI has stated not only that the cyber-attack was highly sophisticated, but that "'[t]he malware that was used would have gotten past 90 percent of the Net defenses that are out there today in private industry and [would have been] likely to challenge even state government.'"  Yahoo! News, FBI Official Calls Sony Attackers "Organized," "Persistent" (Dec. 10, 2014), *available at* http://news.yahoo.com/video/fbi-official-calls-sony-attackers-183646783.html.

establish his standing to sue.  Nor do they suffice to establish the type of harm required to state his claims.  The Complaint thus falls short of the basic requirement that a plaintiff suffer some concrete and particularized injury before he files suit.

While all of the plaintiff's claims share this overarching flaw, each is deficient in its own right for additional reasons detailed below.  For example, the plaintiff's negligence claim fails because he has not alleged any legally cognizable harm and, in the absence of any claimed physical injury, the claim is also barred by the economic loss doctrine.  The plaintiff's statutory claims fare no better.  The plaintiff asserts a claim under the California Customer Records Act, but he is a former employee of SPE—not a "customer."  And the plaintiff asserts a claim under the Unfair Competition Law, but the personal information that was stolen here is not "money or property" under the statute.  Finally, the plaintiff's California Confidentiality of Medical Information Act claim fails because he does not allege that SPE, as opposed to the attackers, affirmatively disclosed his medical information.  The Court should dismiss the Complaint in its entirety.

## SUMMARY OF PERTINENT FACTUAL ALLEGATIONS

The facts below are drawn from the Complaint, which SPE is legally required to accept as true for purposes of this motion only, and from public sources of which this Court can take notice for purposes of this motion to dismiss.

The Complaint alleges that the cyber-attackers, calling themselves the "Guardians of Peace" ("GOP"), deployed a destructive "wiper" malware to infect and erase hard drives, crippling SPE's computer systems.  Compl. ¶¶ 9, 13.  The GOP allegedly "paralyzed" all of SPE's phone, email, and computer systems; obtained internal SPE data; and threatened to "release the data . . . to the world" if SPE did not "obey" the GOP.  *Id.* ¶ 11.  Shortly thereafter, the GOP began to carry out this blackmail threat by posting unreleased SPE movies to publicly accessible file sharing systems.  *Id.* ¶ 12.

The Complaint alleges that on December 2, 2014, the GOP released certain stolen personal information of current and former SPE employees.  Compl. ¶¶ 15-16.[2]  The Complaint further alleges that this information included names, birthdates, addresses, social security numbers, salaries, bank account information, passport information, health insurance and medical information, and other employee files and records.  *Id.* ¶¶ 1, 16.

On December 19, 2014, the plaintiff filed this putative class action lawsuit, purporting to represent all United States individuals and entities or, in the alternative, all current and former SPE employees in California, whose personal information was compromised as a result of the attack.  Compl. ¶ 34.  He asserts four causes of action: violation of the California Customer Records Act, Cal. Civ. Code § 1798.80 *et seq.*; violation of the California Unfair Competition Law, Cal. Bus. Prof. Code § 17200 *et seq.*; violation of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*; and a common-law claim for negligence.  Compl. ¶¶ 43-69.  None of the claims is premised on actual misuse of the plaintiff's personal information; instead, he alleges that he has suffered an increased risk of identity theft and incurred costs of mitigating that risk by purchasing additional credit and identity theft monitoring services.  *Id.* ¶¶ 33, 56, 69.

## ARGUMENT

"'[W]hen subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to

---

[2]  The plaintiff dedicates paragraphs of the Complaint to detailing a 2011 breach of the PlayStation Network, suggesting that it should have put "Sony" on notice of vulnerabilities.  Compl. ¶¶ 10, 23.  The plaintiff's group pleading is impermissible and unfounded.  The PlayStation Network is operated by Sony Network Entertainment International LLC, a wholly separate corporation from SPE.  *See* Compl. ¶ 23 (alleging prior data theft involved entities other than SPE).

- 3 -

survive the motion.'" *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008); *see Spencer v. Kemna*, 523 U.S. 1, 10-11 (1998). Article III standing "cannot be 'inferred argumentatively from averments in the pleadings.'" *Spencer*, 523 U.S. at 10.  Rather, to satisfy his burden, the plaintiff must "clearly . . . allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Id.* at 11 (internal quotation marks omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the "plausibility standard is not akin to a 'probability requirement,'" there must be "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A pleading with "no more than conclusions" is "not entitled to the assumption of truth." *Id.* at 679.  This "standard is particularly demanding in 'complex, large-scale' data breach class action litigation," *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* ("*Sony II*"), 996 F. Supp. 2d 942, 972 (S.D. Cal. 2014) (quoting *Grigsby v. Valve Corp.*, No. C12-0553JLR, 2012 WL 5993755, at *4-6 (W.D. Wash. Nov. 14, 2012)), where baselessly alleging a fear of future harm in the wake of a criminal event is all too easy.

## I.   THE COMPLAINT MUST BE DISMISSED BECAUSE THE PLAINTIFF HAS NOT SUFFERED INJURY IN FACT AND DOES NOT HAVE STANDING TO SUE

"To establish Article III standing, a plaintiff must show" that he has suffered an "injury in fact"—*i.e.*, "an injury that is concrete and particularized, and actual or imminent." *Alliance for the Wild Rockies v. U.S. Dep't of Agric.*, 772 F.3d 592, 598 (9th Cir. 2014).  In *Clapper v. Amnesty International USA*, the Supreme Court "reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that [a]llegations of *possible* future injury are not sufficient." 133 S. Ct. 1138, 1147 (2013) (alteration in original; internal quotation marks omitted).  The

Court further made clear that a plaintiff cannot "manufacture standing merely by inflicting harm on [himself] based on . . . fears of hypothetical harm that is not certainly impending." *Id.* at 1151.

The Supreme Court's reasoning in *Clapper* applies directly to common allegations made in data-breach cases like this one. The plaintiffs in such cases contend they have standing to sue because they have suffered "an increased risk . . . of identity theft," *In re Science Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, No. MDL 2360, 2014 WL 1858458, at *6 (D.D.C. May 9, 2014), or were forced to incur "the cost involved in preventing future harm," *id.* at *7. *See also, e.g., Galaria v. Nationwide Mut. Ins. Co.*, 998 F. Supp. 2d 646, 653 (S.D. Ohio 2014) (alleging "increased risk of identity theft, identity fraud, or medical fraud"; "time" and "costs to mitigate those risks"). These types of allegations, courts routinely hold, do not satisfy the standard set forth in *Clapper*: "[S]ince *Clapper* was handed down . . . , courts have been even more emphatic in rejecting 'increased risk' as a theory of standing in data-breach cases . . . . After all, an *increased risk* or *credible threat* of impending harm is plainly different from certainly impending harm, and certainly impending harm is what the Constitution and *Clapper* require." *SAIC*, 2014 WL 1858458, at *8; *see also Galaria*, 998 F. Supp. 2d at 657 ("[U]nder *Clapper*, more [than increased risk of harm] is required to show an injury is certainly impending."); *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 467-70 (D.N.J. 2013) (same).

The same rationale governs here. The plaintiff here alleges that he has incurred or will incur costs to monitor for identity theft and to mitigate the risk of future identity theft, and is exposed to a future risk of fraud and identity theft. Compl. ¶¶ 33, 56, 69. Under *Clapper*, these allegations are insufficient to satisfy Article III standing. *See, e.g., SAIC*, 2014 WL 1858458, at *6-8 (relying on *Clapper* to reject standing based on alleged "risk of identity theft" and "cost of credit monitoring and other preventive measures"); *Galaria*, 998 F. Supp. 2d at

- 5 -

656-57 (finding that, post-*Clapper*, "the increased risk that Plaintiffs will be victims of identity theft, identity fraud, medical fraud, or phishing at some indeterminate point in the future" along with "costs to mitigate" those same risks are insufficient injuries to create standing).

It makes no difference that the plaintiff alleges that some data already has been posted on the Internet, thereby allegedly increasing the risk of future identity theft.  What matters for standing purposes is whether the plaintiff has suffered concrete, imminent injury—and he does not allege that he has.  Thus, in *SAIC*, notwithstanding the fact that certain plaintiffs had standing to sue because "they ha[d] suffered actual identity theft," the court concluded that the remaining plaintiffs—who did not allege any actual identity theft—lacked standing to sue. *SAIC*, 2014 WL 1858458, at *6; *see also Tierney v. Advocate Health & Hosps. Corp.*, No. 13 CV 6237, 2014 WL 5783333, at *2 (N.D. Ill. Sept. 4, 2014) (while certain plaintiffs "were injured insofar as each was notified of fraudulent activity," others lacked standing where they "allege[d] only a speculative fear of harm that someone could have bought and sold their personally identifiable information and personal health information on the international cyber black market and thereby place[d] them at risk of identity theft, identity fraud, and medical fraud").  Here, the plaintiff does not allege that his identity has been stolen or that his personal information has otherwise been misused.

The plaintiff will likely argue that two decisions by federal district courts in California demonstrate that, notwithstanding *Clapper*, allegations of an increased risk of identity theft and costs incurred to hedge against future harm can be sufficient to establish standing in data-breach cases.  In *In re Adobe Systems, Inc. Privacy Litigation*, No. 13-CV-05226, 2014 WL 4379916 (N.D. Cal. Sept. 4, 2014), and *Sony II*, 996 F. Supp. 2d 942, the courts concluded that they were bound by the Ninth Circuit's pre-*Clapper* decision in *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010), to hold that the plaintiffs' allegations of an increased risk of

1   identity theft sufficed to establish standing, because Article III required only "'a

2   credible threat of harm'" that is "'real and immediate.'"  *Id.* at 1143.  But those

3   decisions incorrectly apply both *Krottner* and *Clapper*.

4        Because the Ninth Circuit's decision in *Krottner* is "clearly irreconcilable"

5   with the Supreme Court's decision in *Clapper*, this Court should follow the

6   Supreme Court's later ruling.  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir.

7   2003) (en banc).  *Krottner*'s holding cannot be squared with the Supreme Court's

8   holding that a threatened injury must be "'*certainly impending*,'" and that even an

9   "objectively reasonable likelihood" of injury—*i.e.*, a credible threat of harm—is

10   insufficient.  *Clapper*, 133 S. Ct. at 1147.  Courts outside the Ninth Circuit have

11   repeatedly recognized as much.  *See, e.g.*, *SAIC*, 2014 WL 1858458, at *8

12   (grouping *Krottner* with cases whose standards are "clearly not supportable" "after

13   *Clapper*"); *Galaria*, 998 F. Supp. 2d at 656.

14        There is more.  *Krottner* relied heavily on the Seventh Circuit's decision in

15   *Pisciotta v. Old National Bancorp*, 499 F.3d 629 (7th Cir. 2007), which held that

16   "plaintiffs whose data had been stolen but not yet misused had suffered an injury-

17   in-fact sufficient to confer Article III standing."  *Krottner*, 628 F.3d at 1142-43

18   (discussing *Pisciotta*, 499 F.3d at 634).  But district courts in the Seventh Circuit—

19   which, like this Court, are obligated to follow circuit precedent in the absence of an

20   intervening, irreconcilable Supreme Court decision—have dismissed data-breach

21   cases on standing grounds under *Clapper*, with at least one court expressly

22   concluding that *Pisciotta* is no longer good law after *Clapper*.  *See Strautins v.*

23   *Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 879 (N.D. Ill. 2014) ("To the extent

24   that *Pisciotta* stands for the proposition that a risk of future harm does not have to

25   be 'imminent,' 'certainly impending,' or pose greater than an objectively

26

27

28

reasonable likelihood of injury (the standard *Clapper* expressly rejected as inadequate), this Court cannot square it with *Clapper*.").[3]

*Clapper* governs here, and requires the plaintiff to allege a threatened injury that is "'*certainly impending*.'" 133 S. Ct. at 1147. He has not done so. The plaintiff lacks Article III standing, and the Complaint should be dismissed.

## II. THE PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM FOR NEGLIGENCE

### A. The Plaintiff Does Not Allege A Cognizable Injury

The plaintiff asserts a negligence claim based on SPE's alleged failure to (1) adequately secure his personally identifiable information, and (2) timely notify him of the cyber-attack. Compl. ¶¶ 65-66. But he does not allege that his identity has been stolen as a result of the cyber-attack or that his financial accounts or medical history have been misused or otherwise affected. He claims only—at most—that he faces a risk of future identity theft and that he has spent time and money to prevent such theft.

For many of the same reasons that the plaintiff fails to establish standing, *see supra* Part I, he also fails to allege injury sufficient to state a claim for negligence.[4]

---

[3] *See also Lewert v. P.F. Chang's China Bistro, Inc.*, No. 14-cv-4787, 2014 WL 7005097, at *3 (N.D. Ill. Dec. 10, 2014) (relying on *Clapper* to reject standing where "[p]laintiffs do not allege that identity theft has occurred; rather, they allege that identity theft *may* happen in the coming years"); *Tierney*, 2014 WL 5783333, at *2 (plaintiffs lacked standing under *Clapper* where they "allege only a speculative fear of harm" stemming from the "risk of identity theft, identity fraud, and medical fraud"); *In re Barnes & Noble Pin Pad Litig.*, No. 12-CV-8617, 2013 WL 4759588, at *4-5 (N.D. Ill. Sept. 3, 2013) (dismissing data-breach claims for lack of standing under *Clapper* without reference to *Pisciotta*). *But see Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 WL 3511500, at *5 (N.D. Ill. July 14, 2014); *cf. Remijas v. The Neiman Marcus Group LLC*, No. 14 C 1735, 2014 WL 4627893, at *2-5 (N.D. Ill. Sept. 16, 2014) (reconciling *Pisciotta* with *Clapper*, but finding that plaintiffs lacked standing).

[4] Even if this Court concludes that *Krottner* remains good law on Article III standing after *Clapper*, the plaintiff's negligence claim would still fail. As the

- 8 -

"Under California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* ("*Sony I*"), 903 F. Supp. 2d 942, 962 (S.D. Cal. 2012) (citing cases).  But here, the plaintiff alleges only speculative injuries, limited to the "increased risk of being subjected to stolen identities and fraudulent charges," Compl. ¶ 33, and the costs incurred to protect against such risks, *id.* ¶¶ 33, 69.  The plaintiff does not allege that his identity has been stolen or that his personal information was used in any other fraud.  The absence of any such allegations dooms his negligence claim.  "In short, when personal information is compromised due to a security breach, there is no cognizable harm absent actual fraud or identity theft." *Grigsby*, 2012 WL 5993755, at *2.[5]

Courts in data-breach cases "routinely dismiss actions," where, as here, "the only damages a plaintiff alleges . . . are increased risk of identity theft and money spent on monitoring credit." *Grigsby*, 2012 WL 5993755, at *2 (dismissing negligence claim, among others); *see also Bell v. Blizzard Entm't, Inc.*, Case No.

---

Ninth Circuit explained in a separate decision in *Krottner*, the court's "holding that Plaintiffs-Appellants pled an injury-in-fact for purposes of Article III standing does not establish that they adequately pled damages for purposes of their state-law claims." 406 F. App'x 129, 131 (9th Cir. 2010).  The court therefore affirmed dismissal of the plaintiffs' negligence claim because it was premised entirely on "the danger of future harm." *Id.* ("Even . . . the only plaintiff who claims his personal information has been misused[] alleges no loss related to the attempt to open a bank account in his name."); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* ("*Sony I*"), 903 F. Supp. 2d 942, 963 (S.D. Cal. 2012) ("While Plaintiffs have currently alleged enough to assert Article III standing to sue based on an increased risk of future harm, the Court finds such allegations insufficient to sustain a negligence claim under California law.").

[5]     The plaintiff in *Grigsby* resided in California and the parties argued the case under California law.  The court did not undertake a choice-of-law analysis, concluding that "it does not matter whether California or Washington law applies since the same result would follow under either." 2012 WL 5993755, at *2 n.1.

2:12-cv-09475-BRO-PJW, Dkt. 54, at 13 (C.D. Cal. July 11, 2013) (under Delaware law, increased risk of future harm insufficient to state a negligence claim). In *Sony I*, for example, the plaintiffs brought a negligence claim, asserting that "they were injured because their Personal Information was stolen, which has exposed them to an increased risk of identity theft and fraud." 903 F. Supp. 2d at 962. They also sought to recover the cost of "credit monitoring" services incurred as a result of the perceived increased risk. *Id*. at 960. But "no Plaintiff allege[d] any identity theft or unauthorized use of his information causing a pecuniary loss." *Id*. at 962. The thus court dismissed the negligence claim for lack of injury: "[W]ithout specific factual statements that Plaintiffs' Personal Information has been misused, in the form of an open bank account, or un-reimbursed charges, the mere 'danger of future harm, unaccompanied by present damage, will not support a negligence claim.'" *Id*. at 963. Those allegations are absent here, too, so the negligence claim should be dismissed.

The plaintiff's delayed-notification negligence theory fails for another reason. To state a claim based on SPE's allegedly delayed notice, he would have to plausibly allege that the injury he suffered was traceable not to the cyber-attack itself, but to SPE's alleged delay in notifying him of the attack. *See Sony II*, 996 F. Supp. 2d at 965 (requiring allegations of "cognizable injury proximately caused" by the delay itself). That is, he is required to allege "*incremental* harm as a result of the delay." *Adobe*, 2014 WL 4379916, at *10 (dismissing statutory notification-delay claim). The plaintiff alleges nothing of the sort. He says, generically, that SPE "breached its duties" "to notify [him], within a reasonable time" of the cyber-attack and, in conclusory fashion, that "[a]s a direct and proximate result of [SPE's] breach of [its duties]," he suffered harm related to the attack itself. Compl. ¶¶ 66, 69. That does not suffice under Rule 8. *See Iqbal*, 556 U.S. at 678 ("'formulaic recitation of the elements of a cause of action will not do'").

Memorandum in Support of Motion to Dismiss

## B.  The Economic Loss Doctrine Bars The Plaintiff's Negligence Claim

The plaintiff's negligence claim is also barred by the economic loss doctrine. That doctrine "bars a plaintiff from recovering for purely economic losses under a tort theory of negligence." *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 528 (N.D. Ill. 2011).  "It reflects the belief that tort law affords the proper remedy for loss arising from personal injury or damages to one's property, whereas contract law and the Uniform Commercial Code provide the appropriate remedy for economic loss stemming from diminished commercial expectations without related injury to person or property." *In re Target Corp. Customer Data Sec. Breach Litig.*, No. MDL 14-2522 PAM/JJK, 2014 WL 7192478, at *15 (D. Minn. Dec. 18, 2014); *see Aas v. Superior Ct. of San Diego Cnty.*, 12 P.3d 1125, 1150 (Cal. 2000), *superseded by statute on other grounds as noted in Rosen v. State Farm Gen. Ins. Co.*, 70 P.3d 351, 357 (Cal. 2003) (economic loss rule preserves distinction between tort and contract actions); *Seely v. White Motor Co.*, 403 P.2d 145, 151 (Cal. 1965) (in negligence, damages are "limited to . . . physical injuries and there is no recovery for economic loss alone").

The plaintiff alleges neither physical injury nor damage to property.  Rather, his claimed damages are purely economic—risk of economic losses from future identify theft and misuse of personal information and efforts to protect against the same.  Compl. ¶¶ 33, 69.  The claim is accordingly barred by the economic loss doctrine.  *See also Sony II*, 996 F. Supp. 2d at 967-73 (dismissing California negligence claim under economic loss rule); *Target*, 2014 WL 7192478, at *16 (same); *Michaels*, 830 F. Supp. 2d at 530–31 (same, under Illinois law).[6]

---

[6]  The plaintiff's conclusory allegations that SPE should have been on notice of its alleged security vulnerabilities based on prior security incidents, Compl. ¶¶ 10, 23-24, does not change this conclusion, nor does it suffice to render SPE's alleged conduct intentional.  Plaintiffs frequently make these sorts of allegations in data-breach cases, and courts routinely dismiss their claims notwithstanding.  *See,*

## III.   THE PLAINTIFF'S STATUTORY CLAIMS FAIL

### A.   The Plaintiff Fails To State A Claim Under The California Customer Records Act Because He Is Not A "Customer" And Because He Has Not Suffered Cognizable Harm

The plaintiff's claim under the California Customer Records Act (the "CRA"), California Civil Code §§ 1798.80 *et seq*., fails for at least four reasons.

*First*, the plaintiff may not sue under the CRA because he is not a "customer" within the meaning of the statute.  As its title demonstrates, the California *Customer* Records Act provides relief to "[a]ny *customer* injured by a violation of this title."  Cal. Civ. Code § 1798.84(b) (emphasis added).  The term "customer" means "an individual who provides personal information to a business for the purpose of purchasing or leasing a product or obtaining a service from the business."  *Id.* § 1798.80(c).  Only a "customer" as defined by the statute may obtain relief—whether "damages, statutory penalties, or injunctive relief." *Boorstein v. CBS Interactive, Inc.*, 165 Cal. Rptr. 3d 669, 675 (Ct. App. 2013).

The plaintiff is a former employee—not customer—of SPE.  Compl. ¶ 7.  He does not claim to have bought or leased anything from SPE.  His assertion that he is an "individual[]," *id.* ¶ 45, within the meaning of the statute is irrelevant, because the statute says nothing about an "individual's" ability to seek redress.

*Second*, the plaintiff's alleged injuries fall short of what the statute requires.  Under the CRA, the plaintiff must plausibly allege that he was "injured" by SPE's conduct.  Cal. Civil Code § 1798.84(b); *see also Boorstein*, 165 Cal. Rptr. 3d at

*e.g.*, *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d at 530-31 (dismissing claims notwithstanding allegations defendant acted with reckless indifference to known security risks in light of prior breach, and noting that allegations of "willful conduct" do not create an exception to economic loss rule); *Sony II*, 996 F. Supp. 2d at 968-69 (dismissing claims notwithstanding allegations that defendant was "reckless[]" in its approach to data security, and that known risk of prior security breaches created a special relationship for purposes of negligence claims).

675 ("a plaintiff must have suffered a statutory injury to have standing to pursue a cause of action under" the CRA). As discussed above, the plaintiff's claimed injuries are purely speculative. *See supra* Part II.A.1.

*Third*, to the extent the plaintiff claims SPE delayed in notifying him of the cyber-attack, he fails to allege any causal link between that purported delay and any alleged harm. Indeed, the Complaint is silent on this score. *See* Compl. ¶ 50; *see also Grigsby v. Valve Corp.* ("*Grigsby II*"), No. Civ. C12-cv-00553, Dkt. 51, slip op. 12 (W.D. Wash. Mar. 18, 2013) (dismissing analogous Washington state notification-delay claim where plaintiff failed to "allege facts supporting the claim that he was injured due to the interval between the hacking incident and [defendant's] notice of the incident and not just that he was injured by the hacking incident alone").

*Finally*, to the extent that Shapiro seeks to represent non-California residents, he may not sue on their behalf under the statute because they are not "resident[s] of California." The CRA provides a cause of action only to "resident[s] of California." Cal. Civ. Code § 1798.82(a); *see also* §§ 1798.81.5(a)-(b); *Sony I*, 903 F. Supp. 2d at 973 (dismissing CRA claim as to all non-California residents).

## B.   The Plaintiff's Unfair Competition Law Claim Fails

The plaintiff asserts that SPE violated the California Unfair Competition Law ("UCL") because he allegedly lost "money or property," Cal. Bus. & Prof. Code § 17204, as a result of SPE's "unlawful" conduct, *id.* § 17200, related to the cyber-attack. The UCL claims are legally deficient for several reasons.

*First,* the plaintiff does not allege the loss of any "money or property" within the meaning of the statute. His UCL claim is premised on the alleged loss of his personal information, the heightened risk of identity theft, and money spent on mitigating the alleged loss of information. Compl. ¶ 56. None of that suffices to state a claim. Courts have consistently held that personal information allegedly

stolen by third parties does not qualify as "money or property" under the UCL. *See, e.g.*, *Sony I*, 903 F. Supp. 2d at 965-66*; In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011), *aff'd in relevant part*, 572 F. App'x 494 (9th Cir. 2014); *In re iPhone Application Litig.*, No. 11-MD-02260-LJK, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011).  Courts have also consistently rejected the claim that the alleged "heightened risk of identity theft" or "time and money spent on mitigation of that risk" constitute an injury under the UCL.  *Sony I*, 903 F. Supp. 2d at 966; *see Falkenberg v. Alere Home Monitoring, Inc.*, No. 13-CV-00341-JST, 2014 WL 5020431, at *4 (N.D. Cal. Oct. 7, 2014).

*Second*, the only monetary remedy available to the plaintiff under the UCL is restitution.  *Clark v. Superior Court*, 235 P.3d 171, 174 (Cal. 2010).  No compensatory damages are allowed.  *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 948 (Cal. 2003).  To state a claim for restitution, the plaintiff must identify "monies given to the defendant or benefits in which [they] ha[d] an ownership interest."  *Id.* at 947.  The plaintiff gave no money or property to SPE, however, so there is nothing to be restored to him.  His personal information is not property, and any monies he allegedly paid for supplemental credit-monitoring services were paid to some unspecified third party—not to SPE.  Simply put, SPE has nothing of the plaintiff's to return.  *See M & F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.*, 136 Cal. Rptr. 3d 788, 804  (Ct. App. 2012) ("[A]ppellants could not be required to return something that did not belong to [appellees].").[7]

---

[7]      Further, to state a restitution claim, the plaintiff must also plausibly allege that any "loss" to him was a "gain" to SPE.  *See, e.g.*, *Wofford v. Apple, Inc.*, No. 11-CV-0034 AJB NLS, 2011 WL 5445054, at *3 (S.D. Cal. Nov. 9, 2011) ("Case law is clear that the loss of use and loss of value . . . are not recoverable as restitution because they provide no corresponding gain to a defendant." (citing *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 895 (Cal. 2011)).  The plaintiff (sensibly) does not allege that SPE gained anything in the cyber-attack.

### C.   The Plaintiff Fails To State A Claim Under The CMIA

The plaintiff's claim under the California Confidentiality of Medical Information Act ("CMIA") fails because he (1) does not adequately allege that any compromised information was "medical information" within the meaning of the statute; (2) does not allege that SPE affirmatively "disclosed," Cal. Civ. Code § 56.36, any medical information; (3) does not adequately specify any alleged deficiencies; and (4) fails to sufficiently allege any actual injury.

*First*, the CMIA defines "medical information" as "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment." Cal. Civ. Code § 56.05(j).  The plaintiff does not allege that the cyber-attack resulted in any such information about himself having been stolen by the responsible third parties here.  The plaintiff's general allegations that stolen data included "medical information,"  Compl. ¶¶ 1, 62, 63, does not state that *his* medical information, as defined by the statute, was stolen.  The plaintiff's allegation is conclusory with no facts pled to support it or render it plausible.

*Second*, to the extent the Complaint can be read as asserting a claim for unauthorized disclosure of his medical information under the CMIA, that claim fails because the plaintiff has not alleged that SPE undertook an "affirmative act of communication" with respect to his medical information.  *Regents of Univ. of Cal. v. Superior Ct.*, 163 Cal. Rptr. 3d 205, 216 (Ct. App. 2013), *as modified on denial of reh'g* (Nov. 13, 2013) (defining "disclosure" as used in CMIA § 56.10); *see also Sutter Health v. Superior Ct.*, 174 Cal. Rptr. 3d 653, 658-59 (Ct. App. 2014) (discussing *Regents*).  Here, the plaintiff concedes that SPE did not take any affirmative act to communicate his medical information.  To the contrary, the plaintiff's own Complaint alleges that a third party—the so-called "GOP"—stole it.

Memorandum in Support of Motion to Dismiss

Compl. ¶ 20 ("stolen documents released by #GOP include medical records of Sony employees").

*Sutter Health* is instructive.  In that case, a thief stole medical records maintained by a group of health care providers.  174 Cal. Rptr. 3d at 656.  The plaintiffs sued the providers for violating the CMIA by "disclos[ing]" their medical information.  *Id.*  These allegations did not state a claim under the CMIA, the Court of Appeal explained, because the defendant "did not intend to disclose the medical information to the thief, so there was no affirmative communicative act by [defendant] to the thief."  *Id.* at 660.  The plaintiff's claims against SPE should be dismissed for the same reasons.

*Third*, the plaintiff's claim for negligent release of medical information under the CMIA fails because he does not adequately specify any alleged deficiencies under the statute.  *See* Cal. Civ. Code § 56.20(a).  To be sure, the plaintiff states in conclusory language that SPE acted negligently.  *See* Compl. ¶ 62. But he never explains what the statute required of SPE.  Without any attempt to describe the confidential medical information at issue or any alleged nexus between that information and the procedures that should have been in place to protect it, the plaintiff's negligent-release claim fails.

*Fourth*, to the extent the plaintiff seeks to recover actual damages on his CMIA claims, he has failed to adequately allege a basis for such damages for the same reasons that he fails to allege any cognizable injury, described *supra* Part II.A.1, and the CMIA claim accordingly fails.

///
///
///

Memorandum in Support of Motion to Dismiss

## CONCLUSION

The plaintiff lacks standing, does not plead cognizable injury, and cannot sufficiently allege the elements of a viable claim against SPE.  The Court should grant SPE's motion to dismiss.


DATED:  February 9, 2015         Respectfully submitted,

By: /s/  *William F. Lee*_____
     William F. Lee

WILMER CUTLER PICKERING
     HALE AND DORR LLP

Attorneys for Defendant
SONY PICTURES ENTERTAINMENT INC.